UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

WILLIAM HERNANDEZ,

                                    Plaintiff,         **COMPLAINT**

        -against-                           17 CV 1646

THE COUNTY OF NASSAU and P.O.s JOHN DOE #1-10, individually and in their official capacities, (the name John Doe being fictitious, as the true names are presently unknown),      **JURY TRIAL DEMANDED**

                                   Defendants.

----------------------------------------------------------------------X

      Plaintiff WILLIAM HERNANDEZ, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

    4.    Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff WILLIAM HERNANDEZ is a Latino male who was at all relevant times a resident of the County of Nassau and the State of New York.

7. Defendant THE COUNTY OF NASSAU was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE COUNTY OF NASSAU maintains the Nassau County Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, County of Nassau.

9. That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or the County of Nassau.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE COUNTY OF NASSAU.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE COUNTY OF NASSAU.

## FACTS

13. On January 1, 2016, at approximately 11:00 p.m., plaintiff WILLIAM HERNANDEZ was lawfully present on Grand Boulevard between Hilton and Grayston Streets, in the Village of Westbury, County of Nassau, State of New York.

14. At aforesaid time and place, plaintiff WILLIAM HERNANDEZ was suddenly accosted by members of the Nassau County Police Department.

15. Defendants handcuffed plaintiff WILLIAM HERNANDEZ and placed him under arrest, despite defendants' knowledge that they lacked probable cause to do so.

16. Defendants transported plaintiff WILLIAM HERNANDEZ to the 3rd Precinct of the Nassau County Police Department in Williston Park, New York.

17. While at the 3rd Precinct, plaintiff WILLIAM HERNANDEZ, who had serious medical needs, asked repeatedly for medical care and medication, but defendants ignored his requests.

18. While in a cell at the 3rd Precinct, plaintiff WILLIAM HERNANDEZ was subjected to a brutal and unprovoked physical attack by defendants.

19. Defendants, *inter alia*, repeatedly punched plaintiff WILLIAM HERNANDEZ and bashed his head against the wall, causing physical injuries.

20. Defendants dragged plaintiff WILLIAM HERNANDEZ out of the cell and the precinct and put him in a Jeep.

21. Defendants drove plaintiff WILLIAM HERNANDEZ to Eisenhower Park, where they again subjected him to a brutal and unprovoked physical attack.

22. Defendants, *inter alia*, repeatedly punched plaintiff WILLIAM HERNANDEZ, threw him to the ground, dragged him on the ground, and stomped and kicked him.

23. During all phases of the incident, defendants repeatedly made derogatory remarks about plaintiff WILLIAM HERNANDEZ' ethnicity and sexual orientation.

24. As a direct result of defendants' brutal and unprovoked physical attacks, plaintiff WILLIAM HERNANDEZ sustained serious injuries (in some cases fractures) to, *inter alia*, his jaw, head, face, nose, vision, neck, ribs, torso, back, hip, arms, hands, wrists, knees, and legs.

25. After brutally beating plaintiff WILLIAM HERNANDEZ, defendants summoned an ambulance to Eisenhower Park and plaintiff was transported to Nassau University Medical Center, where he was treated in the Emergency Room for the injuries that defendants had inflicted.

26. From the hospital, plaintiff WILLIAM HERNANDEZ was transported back to the precinct, and from there to the Nassau County jail.

27. At plaintiff WILLIAM HERNANDEZ' arraignment, bail was set at $5,000 because of defendants' false statements.

28. Plaintiff WILLIAM HERNANDEZ was unable to make bail and was held and detained in custody for six days.

29. Defendants initiated criminal proceedings against plaintiff WILLIAM HERNANDEZ despite defendants' knowledge that they lacked probable cause to do so, filing both felony and misdemeanor charges.

30.     On or about January 11, 2016, a Grand Jury refused to return a True Bill, resulting in the dismissal of all felony charges against plaintiff WILLIAM HERNANDEZ.

31.     During the period between January 11, 2016 and the present, plaintiff WILLIAM HERNANDEZ has been required to make approximately fifteen court appearances to defend himself in the misdemeanor criminal proceedings that defendants initiated against him.

32.     As a result of the foregoing, plaintiff WILLIAM HERNANDEZ sustained, *inter alia*, serious physical injuries, severe emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

35.     All of the aforementioned acts deprived plaintiff WILLIAM HERNANDEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the County of Nassau and the Nassau County Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff WILLIAM HERNANDEZ' constitutional rights.

41. As a result of the aforementioned conduct of defendants, plaintiff WILLIAM HERNANDEZ was subjected to excessive force and sustained physical injuries.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. As a result of the aforesaid conduct by defendants, plaintiff WILLIAM HERNANDEZ was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

44. As a result of the foregoing, plaintiff WILLIAM HERNANDEZ' liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants misrepresented and falsified evidence before the District Attorney.

47. Defendants did not make a complete and full statement of facts to the District Attorney.

48. Defendants withheld exculpatory evidence from the District Attorney.

49. Defendants misrepresented and falsified evidence before the Grand Jury.

50. Defendants did not make a complete and full statement of facts to the Grand Jury.

51. Defendants withheld exculpatory evidence from the Grand Jury.

52. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff WILLIAM HERNANDEZ.

53. Defendants lacked probable cause to initiate criminal proceedings against plaintiff WILLIAM HERNANDEZ.

54. Defendants acted with malice in initiating criminal proceedings against plaintiff WILLIAM HERNANDEZ.

55. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff WILLIAM HERNANDEZ.

56. Defendants lacked probable cause to continue criminal proceedings against plaintiff WILLIAM HERNANDEZ.

57. Defendants acted with malice in continuing criminal proceedings against plaintiff WILLIAM HERNANDEZ.

58. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

59. Notwithstanding the perjurious and fraudulent conduct of defendants, all felony charges against plaintiff WILLIAM HERNANDEZ were dismissed on or about January 11, 2016, when a Grand Jury voted no True Bill.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants issued legal process to place plaintiff WILLIAM HERNANDEZ under arrest.

62. Defendants arrested plaintiff WILLIAM HERNANDEZ in order to obtain a collateral objective outside the legitimate ends of the legal process.

63. Defendants acted with intent to do harm to plaintiff WILLIAM HERNANDEZ without excuse or justification.

## SIXTH CLAIM FOR RELIEF
## DENIAL OF DUE PROCESS VIA FABRICATION OF EVIDENCE
## UNDER 42 U.S.C. § 1983

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants created false evidence against plaintiff WILLIAM HERNANDEZ.

66. Defendants forwarded false evidence to prosecutors in the Nassau County District Attorney's Office.

67. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

68. In creating and forwarding false information to prosecutors, defendants deprived plaintiff WILLIAM HERNANDEZ of due process and violated his constitutional right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

### SEVENTH CLAIM FOR RELIEF
### DENIAL OF MEDICAL CARE

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants were aware that plaintiff WILLIAM HERNANDEZ had serious medical needs that required immediate medical treatment and medication.

71. Despite such knowledge, defendants failed to provide prompt medical treatment or medication to plaintiff WILLIAM HERNANDEZ.

72. In denying prompt medical treatment and medication to plaintiff WILLIAM HERNANDEZ, defendants acted unlawfully, unreasonably, and with deliberate indifference toward plaintiff's serious medical needs.

### EIGHTH CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. § 1981

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "72" with the same force and effect as if fully set forth herein.

74. All of the aforementioned acts of defendants, their agents, servants and employees, violated 42 U.S.C. § 1981 by depriving plaintiff WILLIAM HERNANDEZ of his constitutional and statutory rights with racial animus.

75. Defendants' conduct was knowingly undertaken with the intent to deny plaintiff WILLIAM HERNANDEZ his right to full and equal benefit of the laws as is enjoyed by white citizens.

76. As a result of defendants' unlawful actions, plaintiff WILLIAM HERNANDEZ has suffered and continues to suffer physical injury, mental anguish, emotional distress and other compensable injuries.

## NINTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Each and every individual defendant had an affirmative duty to intervene on plaintiff WILLIAM HERNANDEZ' behalf to prevent the violation of his constitutional rights.

79. The individual defendants failed to intervene on plaintiff WILLIAM HERNANDEZ' behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

80. As a result of the aforementioned conduct of the individual defendants, plaintiff WILLIAM HERNANDEZ' constitutional rights were violated and he was subjected to all of the constitutional deprivations described herein.

## TENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants arrested, incarcerated, and prosecuted plaintiff WILLIAM HERNANDEZ in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest, incarceration, and prosecution would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

83. Defendants subjected plaintiff WILLIAM HERNANDEZ to excessive force by subjecting him to brutal and unprovoked beatings.

84. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

85. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the County of Nassau and the Nassau County Police Department, all under the supervision of ranking officers of said department.

86. Defendant THE COUNTY OF NASSAU, by and through its policymakers, created and maintained a custom, policy, and/or practice of failing to adequately train, supervise and discipline its employees and agents, including the named defendants in this case, regarding obtaining probable cause to ensure that civilians not be falsely arrested, imprisoned, and prosecuted; and regarding proper use of force.

87. Defendant THE COUNTY OF NASSAU had actual or constructive notice of its failures to train, supervise and discipline its employees. This is because defendant knew that it was foreseeable that its officers would confront situations requiring knowledge of probable cause and proper use of force, and that without the necessary training, supervision and discipline, constitutional violations would result. Yet defendant chose not to provide such training, supervision and discipline.

88. Defendant THE COUNTY OF NASSAU's failure to train, supervise and discipline amounted to gross negligence, deliberate indifference and/or intentional misconduct, and encouraged and/or permitted the named individual defendants to engage in the conduct which proximately and directly caused plaintiff's injuries and damages set forth above.

89. The foregoing customs, policies, usages, practices, procedures and rules of the County of Nassau and the Nassau County Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff WILLIAM HERNANDEZ.

90. The foregoing customs, policies, usages, practices, procedures and rules of the County of Nassau and the Nassau County Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff WILLIAM HERNANDEZ as alleged herein.

91. The foregoing customs, policies, usages, practices, procedures and rules of the County of Nassau and the Nassau County Police Department were the moving force behind the constitutional violations suffered by plaintiff WILLIAM HERNANDEZ as alleged herein.

92. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the County of Nassau and the Nassau County Police Department, plaintiff WILLIAM HERNANDEZ was falsely arrested, incarcerated, and prosecuted; and subjected to excessive force.

93. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff WILLIAM HERNANDEZ.

94. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff WILLIAM HERNANDEZ' constitutional rights.

95. All of the foregoing acts by defendants deprived plaintiff WILLIAM HERNANDEZ of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. Not to have excessive force imposed upon him;

  D. To be free from unwarranted and malicious criminal prosecution;

  E. To be free from malicious abuse of process;

  F. Not to be denied prompt medical attention;

  G. Not to have cruel and unusual punishment imposed upon him;

  H. Not to be deprived of a fair trial and judicial due process; and

  I. To receive equal protection under the law.

96. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

## **PENDANT STATE CLAIMS**

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. On or about March 18, 2016, and within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with THE COUNTY OF NASSAU, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

99. THE COUNTY OF NASSAU has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

100. THE COUNTY OF NASSAU demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on August 18, 2016.

101. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

102. Plaintiff has complied with all conditions precedent to maintaining the instant action.

103. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

104. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. Defendant police officers arrested plaintiff WILLIAM HERNANDEZ in the absence of probable cause and without a warrant.

106. As a result of the aforesaid conduct by defendants, plaintiff WILLIAM HERNANDEZ was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants.

107. The aforesaid actions by the defendants constituted a deprivation of plaintiff WILLIAM HERNANDEZ' rights.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

108. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. As a result of the foregoing, plaintiff WILLIAM HERNANDEZ was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

110. Plaintiff WILLIAM HERNANDEZ was conscious of said confinement and did not consent to same.

111. The confinement of plaintiff WILLIAM HERNANDEZ was without probable cause and was not otherwise privileged.

112. As a result of the aforementioned conduct, plaintiff WILLIAM HERNANDEZ has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

113. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. Defendants' aforementioned actions placed plaintiff WILLIAM HERNANDEZ in apprehension of imminent harmful and offensive bodily contact.

115. As a result of defendants' conduct, plaintiff WILLIAM HERNANDEZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

116. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117. Defendant police officers touched plaintiff WILLIAM HERNANDEZ in a harmful and offensive manner.

118. Defendant police officers did so without privilege or consent from plaintiff WILLIAM HERNANDEZ.

119. As a result of defendants' conduct, plaintiff WILLIAM HERNANDEZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

120. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. Defendant police officers issued legal process to place plaintiff WILLIAM HERNANDEZ under arrest.

122. Defendant police officers arrested plaintiff WILLIAM HERNANDEZ to obtain a collateral objective outside the legitimate ends of the legal process.

123. Defendant police officers acted with intent to do harm to plaintiff WILLIAM HERNANDEZ, without excuse or justification.

124. As a result of the aforementioned conduct, plaintiff WILLIAM HERNANDEZ suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

125. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth

herein.

126. On or about January 1, 2016, the defendant County of Nassau, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff WILLIAM HERNANDEZ, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

127. Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff WILLIAM HERNANDEZ had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

128. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff WILLIAM HERNANDEZ.

129. Defendants lacked probable cause to initiate criminal proceedings against plaintiff WILLIAM HERNANDEZ.

130. Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff WILLIAM HERNANDEZ.

131. Defendants misrepresented and falsified evidence before the District Attorney.

132. Defendants did not make a complete and full statement of facts to the District Attorney.

133. Defendants withheld exculpatory evidence from the District Attorney.

134. Defendants misrepresented and falsified evidence before the Grand Jury.

135. Defendants did not make a complete and full statement of facts to the Grand Jury.

136. Defendants withheld exculpatory evidence from the Grand Jury.

137. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff WILLIAM HERNANDEZ.

138. Defendants lacked probable cause to continue criminal proceedings against plaintiff WILLIAM HERNANDEZ.

139. Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff WILLIAM HERNANDEZ.

140. Notwithstanding the perjurious and fraudulent conduct of defendants, all felony charges against plaintiff WILLIAM HERNANDEZ were dismissed on or about January 11, 2016, when a Grand Jury voted no True Bill.

**SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

141. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if fully set forth herein.

142. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

143. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

144. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

145. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff WILLIAM HERNANDEZ.

146. As a result of the aforementioned conduct, plaintiff WILLIAM HERNANDEZ suffered severe physical injury and severe emotional distress and mental injury, together with

embarrassment, humiliation, shock, fright and loss of freedom.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

147. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "146" with the same force and effect as if fully set forth herein.

148. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

149. The aforementioned conduct was negligent and caused severe emotional distress to plaintiff WILLIAM HERNANDEZ.

150. The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

151. The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

152. As a result of the aforementioned conduct, plaintiff WILLIAM HERNANDEZ suffered severe physical injury and severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

153. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "152" with the same force and effect as if fully set forth herein.

154. Upon information and belief, defendant County of Nassau failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the

arrest, prosecution, and beating of plaintiff WILLIAM HERNANDEZ.

155. Defendant County of Nassau knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O.s JOHN DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

156. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "155" with the same force and effect as if fully set forth herein.

157. Upon information and belief the defendant County of Nassau failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, prosecution, and beating of plaintiff WILLIAM HERNANDEZ.

158. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

**WHEREFORE**, plaintiff WILLIAM HERNANDEZ demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:     New York, New York
           March 23, 2017

_____/s_____
ROSE M. WEBER (RW 0515)
30 Vesey Street, Suite 1801
New York, NY 10007
(212) 748-3355