# ROSE M. WEBER
ATTORNEY AT LAW
30 VESEY STREET • SUITE 1801
NEW YORK, NEW YORK 10007

(212) 748-3355

October 28, 2018

**BY ECF**
Honorable Arlene R. Lindsay
United States Magistrate Judge
100 Federal Plaza
Central Islip, NY 11722-9014

Re:   *William Hernandez v. County of Nassau, et al.*, 17 CV 1646 (SJF) (ARL)

Your Honor:

Plaintiff in the above-referenced matter alleges, *inter alia*, that he was beaten by defendants in a cell at the 3rd Precinct. Accordingly, plaintiff has requested the identities and contact information (home addresses and telephone numbers) of other persons who were held at the precinct at the same time that he was. These individuals are potentially vital witnesses, in that they may have seen and/or heard the beating. Defendants have objected to producing this information – and object to this application -- on the basis that the information may be sealed pursuant to C.P.L. § 160.50 and that providing the information would violate the privacy rights of the other detainees.

As an initial matter, defendants lack standing to assert the privacy interests of the other detainees. Defendants are not the agents of these individuals, and Mr. Reissman is not their counsel. In regard to C.P.L. § 160.50, defense counsel has never ascertained whether the records of each individual are, in fact, sealed. If they are not, then C.P.L. § 160.50 does not prohibit the disclosure of the requested information and the Court should direct that it be produced immediately. If, on the other hand, the records are sealed, then plaintiff respectfully requests that the Court issue an unsealing order.

If I am not able to obtain this information and to contact these potential witnesses, it will interfere with plaintiff's ability to obtain evidence to support his claims. Defendants deny that they used more than minimal force in order to restrain plaintiff in the cell. The observations of neutral parties would obviously be extraordinarily persuasive evidence to the finder of fact as to whether plaintiff is credible when he says that he was beaten.

Plaintiff's interests herein in obtaining evidence to prove his civil rights claims outweigh any minimal privacy interest that the other detainees may have in not being contacted. Other judges in this Circuit and in this very district have addressed this issue before in analogous circumstances, and permitted civil rights plaintiffs to be able to contact potential witnesses and to obtain sealed and private documents of other individuals, and their contact information, in order to seek to prove their claims.

Indeed, in *Grief v. County of Nassau*, 15 CV 7240 (EDNY), Magistrate Judge Shields ordered this very defendant to produce "names, addresses, and other contact information" for inmates who might have information relevant to the plaintiff's claims, noting that "Identities of witnesses who may have observed incidents . . . are no doubt relevant to Plaintiff's claims." (Docket Entry 97; June 1, 2018.)

In *Arbuckle v. City of New York*, 14 Civ. 10248 (SDNY), Magistrate Judge Freeman ordered that "the City of New York, including Office of the Corporation Counsel and the New York City Police Department, shall not be bound by the statutory sealing requirements of CPL§ 160.50, as it relates to the sealed records of arrests of non-parties." (Docket Entry 73; June 16, 2017.) *See also Byfield v. Chapman*, No. 12-CV-6131, 2013 WL 5354522, at *3 (W.D.N.Y. Sept. 24, 2013) ("If there are other inmate or non-inmate witnesses who have corroborated plaintiff's claims of assault to prison officials, plaintiff shall be provided their names and current locations."); *Medina v. Gonzalez*, No. 08 CIV 01520, 2010 WL 3744344, at *5 (S.D.N.Y. Sept. 23, 2010) (directing DOC to produce document listing all inmates housed in a particular area of a facility); *Murray v. Fischer*, No. 07 CV 306S, 2009 WL 2843271, at *3 (W.D.N.Y. Aug. 28, 2009) ("[D]efendants shall furnish the names, inmate identification numbers, and current locations of the inmate witnesses.").

As these cases make clear, federal courts have routinely weighed the interests in privacy of non-parties in conjunction with a civil rights plaintiff's need, and compelled the non-parties' identities, contact information, and sealed private documents pursuant to appropriate protective orders, given the plaintiff's right to obtain evidence to prove his or her claims, and the public good in permitting plaintiff to do so. While the policy of comity dictates that state privacy concerns "merit consideration," *Woodard v. City of New York,* No. 99 Civ. 1123 (ILG), 2000 WL 516890, at *5 (E.D.N.Y. Mar. 10, 2000), such state rules "should not be permitted to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983." *Id.*

For the foregoing reasons, the Court should compel defendants to provide, by a short date certain, the names, addresses, and telephone numbers of all of the other inmates who were housed with plaintiff at the 3rd Precinct. Thank you for your consideration of this request.

Respectfully,

/s

Rose M. Weber (RW 0515)

cc: Ralph Reissman, Esq. (by ECF)